IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL L. SUTPHIN,                      )
                                        )
                    Plaintiff,          )        Civil Case No. 07-3050-KI
                                        )
        vs.                             )        OPINION AND ORDER
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
                    Defendant.          )
_____ )


        Phil Studenberg
        Attorney at Law
        200 Pine Street
        Klamath Falls, Oregon  97601

                Attorney for Plaintiff

        Karin J. Immergut
        United States Attorney
        District of Oregon
        Britannia I. Hobbs
        Assistant United States Attorney
        1000 S. W. Third Avenue, Suite 600
        Portland, Oregon  97204

Page 1 - OPINION AND ORDER

Richard M. Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Daniel Sutphin brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for supplemental security income benefits ("SSI").

I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind

Page 2 - OPINION AND ORDER

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ first reviewed the procedural status of this SSI application, in light of Sutphin's previous unsuccessful 1998 disability insurance benefits ("DIB") application which he did not appeal.  In this SSI application, Sutphin alleged he became disabled as of September 31, 1999. The ALJ decided to make a determination on whether Sutphin has been disabled since his current protective filing date of January 2, 2002, however, because the regulations do not allow payment of SSI benefits prior to that date and the earlier DIB application was final.  The ALJ found that Sutphin had severe impairments of left arm deformity and seasonal allergic asthma.  However,

the ALJ also found that these impairments, either singly or in combination, were not severe

enough to meet or medically equal the requirements of any of the impairments listed in

Appendix 1, Subpart P of the Social Security Regulations.  After reviewing the medical record,

the ALJ did not accept Sutphin's statements as credible for the purpose of establishing that he

has disabling functional limitations.  The ALJ found that Sutphin retained the residual functional

capacity to perform a limited range of light work due to limited use of his left arm and the need

to avoid concentrations of respiratory irritants.  Based on expert vocational testimony, the ALJ

concluded that Sutphin could work as a receiving checker, inside sales/food vendor, or cashier

and was thus not disabled under the Act.

## FACTS

Sutphin, who was 52 at the time of the ALJ's opinion, has a high school education with

one year of college.  He has 20 years of work experience as a wholesale sales representative in

the family's candy distributorship.  Sutphin lives with his parents.

Sutphin alleges he is disabled due to a bad left arm and shoulder, bad upper and lower

back, hernia in the stomach, and associated pain.  Sutphin suffered a severe fracture of his left

arm at the age of three that required several surgeries, including transposing his ulnar nerve to

reduce the pain and return full sensation to all fingers.  The left arm and shoulder are visibly

atrophied.  Sutphin's ability to lift with the left arm reduced over the years.  Sutphin is right-

handed.

Sutphin complains of pain in his left shoulder and upper and lower back if he lifts more

than 10 pounds.  He takes ibuprofen to control the pain.  Sutphin's mother describes him as

immature, nervous, easily frustrated, and unable to work under pressure.  She attributes the

mental problems to Sutphin's arm injury. Sutphin graduated from high school without taking any special education classes and has not had any treatment for a mental impairment.

In 1998, Sutphin could perform activities for about six hours before needing to rest, could walk one mile, and bowled for two hours once a week. He vacuumed and dusted weekly, washed dishes daily, shopped occasionally, and did yard work occasionally.

On February 11, 1999, an orthopedist, Dr. Fridinger, examined Sutphin. He found that Sutphin had a full range of motion in his neck without pain; his left shoulder had normal range of motion but half the normal strength; his left arm was atrophied and had half the normal strength; his left elbow was obviously deformed; his left hand had full range of motion for all fingers, grip strength not significantly different from the right hand, and good sensation; and his back had full range of motion and strength. Sutphin could manipulate large and small objects without difficulty.

By August 2002, Sutphin had stopped bowling and could be active for four to six hours before needing to rest. He could still walk one-half mile and went camping a couple of times a year for a week at a time. Sutphin still helped with dusting, vacuuming, taking out the trash, sweeping, mopping, and yard work. He had taken over more of the grocery shopping and cooking because his mother was no longer driving and he was helping care for her. Sutphin stated at the hearing that he had good and bad days concerning the pain in his left arm, shoulder, and neck. On bad days, it hurt him at a level of eight out of ten. Sutphin was still only using over-the-counter pain relief. His father also uses a vibrator on Sutphin's neck when the pain is the worse. Sutphin suffers a bad day three or four days a week. He also complains of pain in his back that prevents him from sitting or standing for very long.

Page 6 - OPINION AND ORDER

**DISCUSSION**

Sutphin contends that the ALJ did not properly analyze the credibility of his subjective

symptom testimony.  According to Sutphin, the ALJ's conclusory statement discrediting

Sutphin's testimony is inadequate.  Further, Sutphin notes that he has made persistent efforts to

obtain relief from his pain.  Sutphin argues that his testimony is consistent with the opinions of

Dr. Heidinger and Dr. Etges.

When deciding whether to accept the subjective symptom testimony of a claimant, the

ALJ must perform a two-stage analysis.  In the first stage, the claimant must (1) produce

objective medical evidence of one or more impairments; and (2) show that the impairment or

combination of impairments could reasonably be expected to produce some degree of symptom.

Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996).  The claimant is not required to

produce objective medical evidence of the symptom itself, the severity of the symptom, or the

causal relationship between the medically determinable impairment and the symptom.  The

claimant is also not required to show that the impairment could reasonably be expected to cause

the severity of the symptom, but only to show that it could reasonably have caused some degree

of the symptom.  Id. at 1282.  In the second stage of the analysis, the ALJ must assess the

credibility of the claimant's testimony regarding the severity of the symptoms.  If there is no

affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ

makes specific findings stating clear and convincing reasons for the rejection, including which

testimony is not credible and what facts in the record lead to that conclusion.  Id. at 1284.

Although the ALJ cannot reject subjective pain testimony solely because it was not fully

corroborated by objective medical evidence, medical evidence is still a relevant factor in

Page 7 - OPINION AND ORDER

determining the severity of the pain and its disabling effects.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ gave several reasons for discounting Sutphin's credibility.  He noted that Sutphin controls the pain with over-the-counter medication as well as prescribed medication.  In my review of the record, I see no evidence of prescription pain medication, so any error the ALJ made here weighed in favor of Sutphin.  The ALJ noted that the X-rays of Sutphin's neck and back failed to demonstrate any significant conditions and that the chart notes of Sutphin's treating physician lack any reports of severe, intense, or unmanageable pain.  The record supports this characterization.

The ALJ also noted that the treating physician was managing Sutphin's complaints without the necessity of further referrals to any specialists.  This is strong evidence that Sutphin's pain levels were not as intense as he described.  Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (evidence of conservative treatment, consisting of the use of over-the-counter pain medications, is sufficient to discount a claimant's testimony on the severity of an impairment), cert. denied, 128 U.S. 1068 (2008).  The fact that a claimant's symptoms are not severe enough to motivate him or her to seek other forms of treatment, even if some treatment is underway, "is powerful evidence regarding the extent" of the symptom.  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

In summary, the ALJ concluded that Sutphin's complaints are highly disproportionate to essentially unremarkable signs and findings, with the exception of the deformity of the left arm.

The ALJ's review of the medical record and his analysis are supported by substantial evidence and correct legal standards.  I conclude that the ALJ made specific findings stating clear

and convincing reasons for discounting Sutphin's credibility, thus satisfying the <u>Smolen</u> standard.

**CONCLUSION**

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this _____22nd_____ day of April, 2008.

    __/s/ Garr M. King_____
    Garr M. King
    United States District Judge

Page 9 - OPINION AND ORDER